·CASE 74—·ACTION BY DE PAUW UNIVERSITY AGAINST HENRY M. JOHN-
SON TO RECOVER PROPERTY CLAIMED BY ·PLAINTIFFS UNDER THE
,WILL OF WILLIAM HOLMAN, DECEASED.—·NOV. 12.

# Johnson v. De Pauw University.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

TRUSTS—·CHARITIES—VALIDITY—JUDGMENTS—·RES JUDICATA—PARTIES
—REPRESENTATION—OBJECTIONS—LACHES—ESTOPPEL.

Held:   1. A devise of all of testator's remaining estate after his
wife's death, in perpetuity, for the purpose of educating the. de-
scendants of two persons named, was not valid as a charitable
use.

2. Where certain descendants of a testatrix brought suit for the bene-
fit of themselves and all the other heirs and descendants of the
beneficiaries of a trust created by the will, as authorized by
Civil Code, section 25, to invalidate the trust and to recover the
property embraced therein, in which they were defeated, and no
appeal was taken, such judgment was *res judicata* as to the
validity of the trust.

3. Where beneficiaries of a testamentary trust brought suit to invali-
date the same on behalf of themselves and all other beneficiaries,
and no steps were taken by beneficiaries so represented, disap-
proving such action, for nearly thirteen years, they were estopped
to object to such representation on the ground that no order of
court was made allowing the plaintiffs in such action to prose-
cute. for the benefit of all the beneficiaries.

C. C. HIEATT, ATTORNEY FOR APPELLANT.

The record in this case discloses these facts:

William Holman died in 1867, testate, leaving several pieces
of real estate in Louisville, Ky. The lot on Jackson street, sold
under judgment herein, was devised to two colored people, by
name of Morgan, for life, and testator's other estate was devised
to his wife for life. The will then reads: "And after the death
·of my beloved wife, Rachael M. Holman, everything given into
the hands of the trustees of the ·Greencastle University in the
State of Indiana, in trust, the proceeds of which may be used

only for the purposes of education of the descendants of George Holman and Jacob Meek."

Greencastle University is now De Pauw University. The lot on Broadway was deeded to Rachael M. Holman for life, remainder to Asbury University (now De Pauw University) in 1869, by deed of Willis Francis and wife, "to be held in trust as required by the provisions of the will of William Holman, deceased." It appears that the property was purchased with the proceeds of other property devised by the will of William Holman which had been sold by the devisees, so that both pieces of property bought by the appellant, Johnson, are held by De Pauw University under the trust set out in William Holman's will above set out.

The effect of this devise is to create a perpetuity, and the devise is void unless the object is a charity. The property is to be held in trust "for the purposes of education of the descendants of George Holman and Jacob Meek." We do not believe that this is a charitable use, it being for the benefit of a particular class of relatives of the testator. A title to the property sold herein can not be supported except on the ground that this devise is valid. If the devise is void the title to the property sold is vested in the heirs of William Holman, deceased, and they are not before the court so as to be divested of title.

These lots were sold by the commissioner of the Jefferson Circuit Court and purchased by appellant, Henry M. Johnson, and he has filed exceptions to the sale in order to test the title to the property.

It further appears that in 1890 suit was filed by three of the heirs-at-law of William Holman, attacking the will on the ground that the trust was void as a perpetuity and was not a charity, but a mere private trust, to which a general demurrer was sustained, the court holding in a written opinion that the trust was a charitable use and valid, and judgment was entered dismissing the petition, from which an appeal was prayed but never taken.

We submit that the judgment in that case would not make the matter *res judicata* on this appeal, as the three plaintiffs who brought that suit for the benefit of all were not by any order of court allowed to so prosecute it for all. It is on account of this uncertainty that the appellant is unwilling to take title to the property until this court has passed upon the validity of this devise.

HARRIS & MARSHALL, ATTORNEYS FOR APPELLEE.

The objection made to the title in this case is that the devise

to Greencastle (now De Pauw) University is not a charitable use and hence is void for perpetuity. To this we reply:

1. *Res adjudicata.* In the case of Holman v. De Pauw University, the record of which is embraced in this one, two of the heirs of William Holman, the devisor of the first estate, brought suit against De Pauw University for the benefit of themselves and all the heirs, making the allegations required by section 25 of the code and seeking to recover the property embraced in the trust on the ground that the will was void for perpetuity. In this case Chancellor Edwards delivered an elaborate opinion holding the will valid and judgment was rendered dismissing the petition.

The only objection made to the conclusiveness of this judgment is that there was no order authorizing the plaintiffs to sue on behalf of all the heirs. No authority was necessary. The code provides as follows:

"Section 25. If the question involve a common or general interest of many persons, or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all."

The right thus given is absolute and does not require any permission of court. The presumption in such cases is that the absent plaintiffs approve of and assent to the bringing of the suit. Flint v. Sparr, 17 B. M., 499.

2. The devise is a charitable use. In support of this proposition we refer to the able opinion of Chancellor Edwards which is copied into the record.

As to the objection that the trust is "for the benefit of a particular class of relatives of the testator" we also refer to the cases of Gass v. Wilhite, 2 Dana, 170, and Ford v. Ford, 91 Ky., 572.

In the first case a trust for the benefit of the Society of Shakers was held to be a charitable use even though the creator of it was himself one of the beneficiaries.

In the Ford case it was held that a devise for the erection of a monument over the graves of the testator and his wife was a charitable devise.

We submit that the judgment below ought to be affirmed.

Opinion of the court by JUDGE NUNN—Affirming.

In the year 1867, one William Holman died, a citizen and resident of Jefferson county, Ky., and left a will, which was

admitted to probate, and was recorded in the Jefferson
County Court on the 12th of August, 1867. By his will he
made some special devises, and then willed all of his estate
to his wife during her life, and then used this language:
"And after the death of my wife, everything given into the
hands of the trustees of the Greencastle University in the
State of Indiana in trust, the proceeds of which may be used
only for the purposes of education of the descendants of
George Holman and Jacob Meek." It is proper to remark
here that the appellee, De Pauw University, is the legal suc-
cessor to all the rights and privileges of the Greencastle
University, named in this will. The testator, William Hol-
man, never had any children. George Holman, the person
referred to in his will, was his father, and his mother was
the daughter and only child of Jacob Meek. Testator's wife
died in the year 1887, and in the year 1890 Nicholas Hol-
man, George W. Holman, and William V. Holman, who
claimed to be descendants of George Holman and Jacob
Meek, brought an action in the Jefferson Circuit Court
against this appellee, in which they sought to have that part
of William Holman's will above quoted declared void, in
which action it was alleged that George Holman and his
wife, a daughter of Jacob Meek, left eleven children, all of
whom were then dead, and that each of them had left chil-
dren, and that there were more than 120 of them, who were
the descendants and heirs of George Holman and Jacob
Meek; that they resided in many States and territories of the
Union, and the places of residence of most of them were un-
known, and that the question sought to be litigated in their
action involved a common or general interest of many per-
sons; that it was impracticable to bring all of them before
the court within a reasonable time, and therefore the plain-
tiffs, the three persons named, sued for the benefit of all the

descendants of George Holman and Jacob Meek. In this
action they described the property of William Holman left
after the death of his widow, and ask that they be allowed
to prosecute the action for the benefit of all the heirs of
Holman and Meek, and that the court declare the provision
in the will named void, and that the property be distributed
between the descendants of Holman and Meek. A general
demurrer was filed to this petition and the court, construing
the provision of the will copied herein, was of the opinion
that the devise was for a charitable use or purpose, and sus-
tained the demurrer. The plaintiffs therein objected and ex-
cepted, and prayed an appeal to the Court of Appeals which
was granted; but no appeal was ever taken from that judg-
ment, which was rendered in the early part of the year 1891.
On the 6th day of September, 1902, the appellee, De Pauw
University, filed its action in the Jefferson Circuit Court,
in which it set forth the will of William Holman, the judg-
ment of the court in the above-described case, and the de-
scription of two pieces of real estate which were devised
under the will of William Holman, setting forth that this
property was out of repair and producing but little income,
and asked the court to sell it for the purpose of reinvesting
it in other property more remunerative. In this action ap-
pellee made Otway C. Sterling and Sidney T. Sterling, who
were descendants of George Holman and Jacob Meek, defend-
ants, and alleged that the other descendants of Holman and
Meek were numerous, and that it was impracticable to bring
them all before the court within a reasonable time, and that
the questions involved were of a common and general inter-
est to all of them, and prayed that the defendants named be
allowed to defend for all of the descendants of Holman and
Meek. In this case the court made an order in conformity
with such request, and the defendants answered, admitting

the allegation that the descendants of Holman 'and Meek were numerous, and that their places of residence were to them unknown, and that they had no objections to the sale of the property sought to be sold in this action, and prayed that in the event of a sale the court would sufficiently protect the proceeds, to the end that they be devoted to the purposes, named in the will of William Holman, and that their answer be taken as the answer of all the descendants of Holman and Meek. Upon proof being heard as to the necessity of a sale of the property, the court made an order directing a sale of it. The commissioners sold it, and appellant, Henry M. Johnson, became the purchaser. Appellant filed exceptions to the report of sale because the title to the lots sold did not pass to the purchaser under the judgment and sale herein, because the devise in the will of William Holman, deceased, of the remainder interest in his estate to the trustees of Greencastle University, in the State of Indiana (now De Pauw University, appellee herein), was void; the effect of the devise being to create a perpetuity, and the object not being a charity. The court overruled the exceptions and confirmed the report of sale, from which action of the court appellant has appealed.

The appellee, by counsel, contends that the devise under consideration is valid, it being for a charitable use, and refers to the cases of Gass v. Wilhite, 2 Dana, 170, 26 Am. Dec., 446, and Ford v. Ford's Ex'rs., 91 Ky., 572, 13 R., 183, 16 S. W., 451. In the opinion of this court these opinions do not sustain the position of counsel. The case in 2 Dana was where the Society of Shakers was sued by one of its members who had withdrawn therefrom, claiming that he had given the society property, and demanded the value of it. His counsel argued that the gift was not a valid one; that it was prohibited by law, not being for a charitable use. The

court in that case decided that the gift was a valid one, and in the opinion used this language: "So long as piety is recognized, by common assent and by the Legislature, as a valuable constituent in the character of our citizens, the general law must foster and encourage what tends to promote it. In legal estimation, it must be viewed, as what is not only estimable in itself, but as an appurtenance to the characters of individual citizens, of great value to society, for its tendency to promote the general weal of the whole community. . . . In a country like ours, where it is one of the fundamental canons of the political law that there shall be no established religion, and that government shall not actively participate in the support or dissemination of religion of any sort, all such societies—pious institutions of all sorts—must depend upon the eleemosynary contributions of individuals. This would seem to require that the law should esteem such contributions as in a peculiar degree charitable. Whenever the end is truly pious, donations to promote it the law must esteem as really charitable." The court in this case unheld the gift upon the principle that the Society of Shakers was a religious body—a church—and under our statutes such a gift is expressly made valid. See section 317, Kentucky Statutes, 1899. The case of Ford v. Ford's Ex'rs., supra, was where a testator, in his will, directed that a monument be erected over his and his wife's graves. The court upheld this provision of the will upon the grounds that it did not create a perpetuity, that the statute expressly authorizes it, and also that it was for a humane purpose. In this case the court used this language: "Charity, in its most general legal sense, has been said to be a general public use, but the definition given by the eminent counsel in the Girard will case has received judicial approval. It is: 'Whatever is given for the love of God or for the love of our neigh-

bor, in the catholic and universal sense—given from these motives and to these ends—free from the stain of everything that is personal, private, or selfish, is a gift for charitable uses.'" In the will under consideration the testator, William Holman, gave, without any limitations, and in perpetuity, to appellee, all his estate remaining after his wife's death, for the purpose of the education of the descendants of George Holman and Jacob Meek. This devise was in no sense for a general public use, nor was it given with motives free from the stain of everything that is personal, private, or selfish. It is confined solely to the education of the descendants of two individuals only. If it had been given to the appellee for the general purposes of education, or if it had been given into the hands of trustees for the education of poor children, or the children of a State, county, or a designated community, it would have been valid and upheld as a devise for a charitable use. See Given's Adm'r. v. Shouse, 5 Ky. Law Rep., 419; Peynado's Devisees v. Peynado's Ex'r., 82 Ky., 5, 5 R., 713; Kinney v. Kinney's Ex'r., 86 Ky., 610, 9 R., 753, 6 S. W., 593; and Cromie's Heirs v. Louisville Orphans' Home Society, 3 Bush, 365.

But we are of the opinion that this question in this case is *res adjudicata*, for the reason that three of the heirs of William Holman, the devisor of the first estate, brought suit against De Pauw University for the benefit of themselves and all the heirs and descendants of Holman and Meek, making the allegations required by section 25 of the Civil Code, and seeking to recover the property embraced in the trust on the ground that the will was void for perpetuity, and the court in that case adjudged that the will was valid, and dismissed the petition. The only objection made to the conclusiveness of this judgment is that there was no order of court in that case authorizing the plaintiffs to sue on be-

half of all the heirs. The provision of the Code with reference thereto is as follows: "Section 25. If the question involve a common or general interest of many persons, or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all." Even if an order of court allowing the Holmans to prosecute the action for the benefit of all was necessary, which we do not decide, it is not shown that any of the parties in whose behalf the action was brought disapproved of it, and after the lapse of time—nearly thirteen years—the presumption is that all the descendants of Holman and Meek concurred in its object. See Flint v. Spurr, 17 B. Mon., 513. And in addition to this, it does appear in this case that two of the descendants of Holman and Meek, who represented themselves and all the other descendants, acting under order of court, appeared, and consented and requested that the proceeds of this real estate sold be by the court protected, to the end that the same be devoted to the purpose named in the will of William Holman.

We are of the opinion that the lower court was right in overruling the exceptions filed to the commissioner's report, as the appellant, by his purchase, will obtain a good title to this property. Wherefore the judgment is affirmed.